UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CICELY HAWKINS,

                            Plaintiff,                               **ANSWER AND JURY DEMAND**

  -v-

                                                                **Civil No.: 22-CV-6228(EAW)**

CITY OF ROCHESTER, et al,

                            Defendants.

---

      The Defendants, the City of Rochester, Christopher Secash and Matthew Hill, by and through their undersigned counsel, submit the following as and for their Answer to Plaintiff's Complaint:

    1.     They deny the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 8, 14 and 15 (because they call for legal conclusions), 23, 24, 29, 33, 34, 36, 37, 39, 41, 42, 43, 44, 45 (because it calls for a legal conclusion), 46, 47, 48, 49, 52, 53, 57, 58, 59, 60, 61, 62, 63, 65, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 98, 100, 101, 102 and 103 of the Complaint.

    2.     They deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs 6, 9, 13, 20, 27, 51 and 66 of the Complaint.

    3.     They admit the allegations contained in paragraphs 10, 11, 16, 17, 18, 19, 28, 31, 32, 38, 40, 55, 56 and 60 of the Complaint.

    4.     They admit that portion of paragraph 12 of the Complaint, which alleges that the Defendants, Secash and Hill, were and are Police Officers employed by RPD and were acting within the scope of their employment and under color of State law at the times mentioned therein, but they deny knowledge or information sufficient to form a belief as to the accuracy of the allegations concerning the unnamed Defendant Officers,

and they deny that there is any basis for suit against any of the Defendant Officers, individually or otherwise.

5.   They admit that portion of paragraph 21 of the Complaint, which alleges that at the approximate time and on the date identified, the Plaintiff exited her home, but they deny knowledge or information sufficient to form a belief as to the other allegations contained in that paragraph.

6.   They admit the allegations in paragraph 22 of the Complaint, but deny that the K-9 dog was "vicious."

6.   They admit the allegations contained in paragraphs 25 and 26 of the Complaint concerning the interrogation of the Plaintiff, but that was solely because the Plaintiff misidentified the persons about whom she was interrogated.

7.   They admit that portion of paragraph 30 of the Complaint, which alleges that the Plaintiff was interrogated at the location identified, but deny the other allegations contained therein.

8.   They admit that portion of paragraph 35 of the Complaint, which alleges that the Plaintiff's home was entered by Officers and that arrests were made, but they deny the balance of the allegations contained in that paragraph.

9.   They deny that portion of paragraph 50 of the Complaint, which alleges that their actions were unlawful and they deny knowledge or information sufficient to form a belief as to the balance of the allegations contained in that paragraph.

10.   With respect to paragraphs 54, 64, 71, 80, 85, 91 and 99 of the Complaint, wherein the Plaintiff repeats and realleges the allegations made in all preceding

paragraphs, the Defendants likewise here repeat and reallege each and every response to those paragraphs as if more fully set forth here.

11. They deny each and every allegation contained in the Complaint not heretofore admitted, denied or otherwise controverted.

12. They join Plaintiff's request for a jury trial

### AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

13. The Complaint fails generally to state any claims or causes of action against the Defendants for which relief may be granted because there was probable cause for the Plaintiff's arrest and for the Criminal Complaint sworn out against her when in a post-arrest interview, she changed the statements she gave at the scene where she was arrested.

### AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

14. The first Claim for Relief fails to state a claim for which relief may be granted because the Plaintiff consented to her arrest and because there was probable cause for same.

### AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

15. Even in the absence of Plaintiff's consent to arrest and the existence of probable cause for same, there was at least arguable probable cause, thus entitling the individual Defendants to qualified immunity.

### AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

16. The Second and Fifth Claims for Relief, alleging malicious prosecution under Federal law and under State law, respectively, fail to state claims for which relief may be granted against the Defendants because there was probable cause for the Plaintiff's arrest and for the charge against her, or there was at least arguable probable cause, thus entitling the individual Defendants to qualified immunity from suit.

### AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

17. The prosecution of criminal matters is in all respects controlled by the Monroe County District Attorney's Office and none of the Defendants have discretion as to any prosecution or withdrawal of charges.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

18. At the time of the named individual Defendants' contact with the Plaintiff, they had an objective, credible reason to question her.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

19. The Fourth Claim for Relief, alleging failure to intercede or intervene, fails to state a claim for which relief may be granted as against the individual Defendants because there was clear probable cause for the Plaintiff's arrest.

AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

20. The individual Defendants are entitled to qualified immunity from suit because no clearly established constitutional right was violated and their actions were objectively reasonable under the circumstances.

AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

21. The individual Defendants are entitled to immunity from continuation of this suit on the grounds that they acted in the good faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

22. The individual Defendants engaged in the use of reasoned discretion and professional judgment and are therefore immune from suit.

AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE,
THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

23. The actions complained of in the Complaint arose during the arrest of the Plaintiff by the individual Defendant Officers acting in an official capacity and individuals acting in that capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

### AS AND FOR THEIR TWELFTH AFFIRAMTIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

24. The damages alleged in the Complaint were caused, in whole or in part, by the Plaintiff's own acts or omissions to act, which were negligent, reckless, wrongful, intentional, or otherwise culpable, and if she is entitled to recover damages as alleged in the Complaint, the amount otherwise recovered shall be diminished in the proportion to which her culpable conduct bears to the culpable conduct which caused her damages.

### AS AND FOR THEIR THIRTEENTH AFFIRAMTIVE DEFENSE, THE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

25. In the event that the Plaintiff recovers an award, then the provisions of NY CPLR §4545 will apply and the Defendants will claim an offset for any amounts which the Plaintiff will, with reasonable certainty, receive from collateral sources, as provided in that statute.

WHEREFORE, the Defendants demand judgment:

A. Dismissing Plaintiff's Complaint, together with the costs and disbursements of this action;

B. In the event judgment is recovered against the Defendants, that it have judgment over against Plaintiff for the amount of such judgment, together with reasonable attorney's fees incurred by the Defendants in defense of this action, or for an amount proportionate to the degree of fault of said Plaintiff;

C. For such other and further relief which to the Court may seem just and proper.

DATED: July 7, 2022
Rochester, New York   Yours, etc.,

LINDA S. KINGSLEY, Corporation Counsel

BY: _____
CHRISTOPHER S. NOONE, Esq., of Counsel
Attorneys for Defendants
30 Church Street, Room 400A
Rochester, New York 14614
Telephone: (585) 428-6753
noonec@cityofrochester.gov

TO:   Roth & Roth, LLP
Elliot Shields, Esq.
Counsel for Plaintiff
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 245-1020